IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CHANTE FORBES, individually      *
and as Administratrix of the     *
ESTATE OF UCOLLOS OWENS          *
(deceased),                      *
                                 *
       Plaintiff,                *
                                 *
           v.                    *       CV 317-033
                                 *
KENNETH COWENS, M.D.; ANNIE      *
BODI, P.A.C.; and KIMBERLY       *
SMITH, R.N.,                     *
                                 *
       Defendants.               *
                                 *

_____

O R D E R
_____

Before the Court is Defendants' Motion to Dismiss (doc.
no. 17). Plaintiff filed a response in opposition (doc. no.
22) and Defendants filed a reply in support (doc. no. 27).
Accordingly, Defendants' motion has been fully briefed and is
ripe for review.


I.  BACKGROUND

The facts of Plaintiff's Amended Complaint are as
follows. Ucollos Owens ("Decedent") was a prisoner at Johnson
State Prison ("JSP") who suffered from mild to moderate asthma
and severe Chronic Obstructive Pulmonary Disease ("COPD").
(Am. Compl., Doc. No. 12, ¶ 25.) During his stay at JSP,
Decedent received several prescriptions for his asthma

including Albuterol, Xopenex, Astrovent, and QVAR. (Id. ¶ 26.) Despite taking these medications, Decedent continued to experience difficulty breathing. (Id. ¶ 30.) Decedent suffered "asthma exacerbations" on December 19, 2014, March 23, June 18, and July 7, 2015. (Id. ¶ 30.)

To treat Decedent's asthma, Defendants were supposed to conduct a review of Decedent's chronic care treatment plan every six months. (Id. ¶ 32.) Defendants, however, missed one of these reviews, which was scheduled to take place in April 2015. (Id.)

On July 2, 2015, Decedent visited the JSP Medical Center complaining about a cough and congestion. (Id. ¶ 32.) A peak expiratory flow measurement was taken and revealed a reading of 230, which was apparently indicative of asthma. (Mendel Aff., Doc. No. 12-1, ¶ 8.)[1] Decedent was referred to Defendant Kenneth Cowens, M.D.,[2] who prescribed antibiotics, steroids, nebulizer treatments, and ordered a chest x-ray. (Am. Compl. ¶ 33.) Dr. Cowens also scheduled a follow-up appointment, but that appointment was apparently cancelled.

---

[1] Documents attached to a pleading may be considered for the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Although Defendant objects to considering expert affidavits at the pleading stage, the Court only considers the factual allegations contained therein. See Fin. Acquisition Partners, LP v. Blackwell, 2004 WL 2203253, at *4 (N.D. Tex. Sept. 29, 2004) (finding it appropriate to consider the nonconclusory assertions within an expert affidavit).
[2] Dr. Cowens name was initially misspelled "Cownes" but is now correctly used here. (See Doc. No. 7, at 1 n.1.)

(Id. ¶¶ 34-35.) On July 15, Decedent was given an x-ray which revealed an "8mm nodular density overlying the right upper lung zone superimposed on posterior right sixth/anterior right third rib."[3] (Id. ¶¶ 34-36.)

On August 18, Decedent returned to the Medical Center, complaining about his persisting cough and asthma symptoms. (Id. ¶ 37.) Decedent was examined by Defendant Annie Kristen Andrews Bodi, P.A. (Id. ¶ 38.) Although she was skeptical about the severity of Decedent's coughing, Ms. Bodi diagnosed Decedent with bronchitis and prescribed a bottle of Robitussin and instructed Decedent to restart his Astrovent, Singulair, QVAR, and Xopenex. (Id. ¶¶ 38, 40.) Decedent had prematurely run out of all of these medications except Xopenex. (Id.) Ms. Bodi also ordered another x-ray, which revealed "no acute or active cardiopulmonary disease." (Id. ¶ 41.)

Decedent returned to JSP Medical Center at 4:35 pm on August 24, 2015, complaining of shortness of breath and wheezing. (Id. ¶ 44.) Decedent informed Defendants that he had run out of the medication in his inhaler. (Id. ¶ 47.) Defendant Kimberly Smith took Decedent's vitals and referred him to Dr. Cowens who diagnosed Decedent with bronchitis and prescribed an Albuterol nebulizer breathing treatment. (Id. ¶ 48.) When Decedent's symptoms continued to deteriorate, Ms.

---

[3] Plaintiff does not identify what impact the "nodular density" had on Decedent's symptoms.

3

Bodi ordered a second nebulizer treatment and directed her staff to call the paramedics. (Id.) Shortly after beginning the second nebulizer treament, Decedent began yelling for help, stating that he could not breathe. (Id. ¶¶ 50-51.)

Johnson County paramedics received the emergency call at 5:17 p.m. and arrived at JSP Medical Center at 5:24 p.m. (Id. ¶52.) Decedent was rushed to the Fairview Park Hospital but was pronounced dead at 6:17 p.m. (Id. ¶¶ 53-54.) Decedent's autopsy revealed the cause of death was an "acute asthma exacerbation." (Id. ¶ 56.)

Plaintiff Chante Forbes, Decedent's daughter and administratrix of his estate, initiated this action on June 7, 2017. Plaintiff alleges that Defendants were deliberately indifferent to Decedent's serious medical needs, in violation of his Eighth Amendment rights. Defendants now move to dismiss Plaintiff's Amended Complaint.


## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must include enough "factual allegations to raise a

right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 570 (2007). Although a complaint does not need to be buttressed by detailed factual allegations, the plaintiff's pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A complaint should not be dismissed for failure to state a claim, however, "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Robinson v. United States, 484 F. App'x 421, 423 (11th Cir. 2012) (quoting Lopez v. First Union Nat'l Bank of Fla., 129 F.3d 1186, 1189 (11th Cir. 1997)). At this stage, courts must accept all factual allegations in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262 (11th Cir. 2004)).

## III. DISCUSSION

Defendants argue that because Plaintiff has failed to allege a constitutional violation, Defendants are entitled to qualified immunity.

Qualified immunity protects government officials from suit so long as their conduct does not violate a clearly established constitutional right. Morris v. Town of Lexington, 748 F.3d 1316, 1321 n.15 (11th Cir. 2014). To invoke qualified immunity, a defendant must first establish that he was acting within his discretionary authority.[4] Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). The burden then shifts to the plaintiff who must demonstrate that qualified immunity is not appropriate. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). To survive a motion to dismiss, a plaintiff must allege facts that (1) establish a constitutional violation and (2) demonstrate that the right violated was clearly established when the violation occurred. Id.

### A. Constitutional Violation

Plaintiff claims that by failing to properly treat Decedent's asthma, Defendants were deliberately indifferent to Decedent's serious medical needs violating the Eighth

---

[4] Plaintiff concedes that Defendants herein were acting within their discretionary authority. (Doc. No. 22, at 14.)

Amendment's prohibition of unnecessary and wanton infliction of pain.

To establish deliberate indifference, the plaintiff must show that: (1) she had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) that the defendant's indifference caused the plaintiff's injury. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). The parties agree that Decedent had a serious medical need; the last two elements are in dispute.

1.   *Defendant's Deliberate Indifference*

To prove the second element of a deliberate indifference claim, the plaintiff must establish that the defendant was deliberately indifferent to the plaintiff's serious medical need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). To meet this standard, the plaintiff "must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Id.

To satisfy the subjective element, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact

subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a [defendant] knew of a substantial risk from the very fact that the risk was obvious." Goebert, 510 F.3d at 1312. In this case, the results of Decedent's peak expiratory flow measurement indicated that Decedent was suffering from uncontrolled asthma during his appointment with Dr. Cowens on July 2, 2015. (Id. ¶¶ 33, 35.) With respect to Ms. Bodi, Plaintiff alleges that Decedent was suffering from a persistent cough and had prematurely run out of his asthma medication when he met with Ms. Bodi on August 18, 2015. (Id. ¶¶ 37-40.) Accordingly, Plaintiff has alleged that Dr. Cowens and Ms. Bodi had subjective knowledge of facts from which they could infer that a substantial risk existed and that they in fact drew that inference.

To demonstrate "disregard of the risk," a plaintiff must show that the defendant "disregard[ed] [the substantial risk of serious harm to the inmate] by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Thus, even if a defendant actually knew of a risk, he will not be held liable if he responded to that risk reasonably. Id. at 844. Nevertheless, disregard can be established through a single episode of misconduct. Rogers v. Evans, 792 F.2d 1052, 1062 (11th Cir. 1986). Defendant argues that the Amended Complaint

8

shows that Dr. Cowens and Ms. Bodi provided prompt treatment to Decedent. Plaintiff, however, alleges that Dr. Cowens failed to treat Decedent's asthma when his follow-up appointment was cancelled. (Am. Compl. ¶¶ 34-35.) Ms. Bodi, on the other hand, failed to perform an expiratory flow measurement and ordered Decedent to restart his medications, which were apparently ineffective. (Am. Compl. ¶¶ 34-35.) Because both Dr. Cowens and Ms. Bodi's conduct may have been unreasonable, Plaintiff has alleged that both Defendants disregarded the risk of Decedent's uncontrolled asthma.

To show that the conduct was more than mere negligence, the plaintiff must show that the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers, 792 F.2d at 1058. This includes providing an easier but less effective treatment, providing treatment that is grossly inadequate, or providing such minimal care that it amounts to no treatment at all. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). The Eleventh Circuit has cautioned, however, that "[a]ccidents, mistakes, negligence, and medical malpractice are not constitutional violations merely because the victim is a prisoner." Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (internal quotations and alterations omitted). Moreover, "[t]he propriety of a

certain course of medical treatment is not a proper subject for review in a civil rights action." Enriquez v. Kearney, 694 F. Supp. 2d 1282, 1296 n.13 (S.D. Fla. 2010); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir.1989) (finding that "a simple difference in medical opinion" is insufficient to constitute deliberate indifference). To hold a provider liable for his medical judgment, a plaintiff may show that the provider knew the appropriate treatment and failed to provide it. Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995). Here, Plaintiff alleges that while Dr. Cowens scheduled a follow up appointment, that appointment was later cancelled. (Am. Compl. ¶¶ 34-35.) Thus, Plaintiff has alleged that Dr. Cowens failed to provide a treatment that he knew was necessary, namely checking to see if Decedent's symptoms had subsided.

Plaintiff has also met this standard with respect to Ms. Bodi. While Defendants attempt to couch Ms. Bodi's conduct in terms of medical malpractice, finding that Ms. Bodi failed to perform an expiratory measurement and simply ordered Decedent to continue medications that were ineffective could support a conclusion that Ms. Bodi chose an easier and less effective course of treatment. See McElligott, 182 F.3d at 1255.

Plaintiff fails to demonstrate deliberate indifference with respect to Ms. Smith, however. Plaintiff claims that Ms.

Smith unreasonably delayed Decedent's treatment. Specifically, Plaintiff faults Ms. Smith in failing to immediately call the paramedics on August 24, 2015. Unlike Plaintiff's claims against Dr. Cowens and Ms. Bodi, Plaintiff fails to allege facts that show Ms. Smith knew that calling the paramedics was necessary or that her decision was influenced by non-medical concerns. Without such an allegation, Ms. Smith's decision to refer Decedent to Dr. Cowens - instead of calling the paramedics - was a medical judgment, not a constitutional violation.

Plaintiff also faults Defendants for failing to perform Decedent's six-month asthma treatment plan evaluation, which Plaintiff claims was a necessary component of Decedent's asthma treatment. While this might rise to the level of deliberate indifference, Plaintiff fails to identify facts that show any of the Defendants were individually responsible for Decedent's asthma treatment. "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). "Each individual defendant must be judged separately on the basis of what that person [knew]." Id. Here, Plaintiff merely alleges that Defendants "were responsible for ensuring that [Decedent's] medical condition was properly monitored." (Am. Compl. ¶ 23.) Without facts

showing that the individual defendants knew that Decedent's treatment plan needed to be reevaluated and failed to do so, Plaintiff does not state a claim for deliberate indifference on this basis.

### 2. *Causation*

The last element of a deliberate indifference claim - causation - requires that a plaintiff "show that the constitutional violation caused his injuries." <u>Marsh v. Butler Cnty.</u>, 268 F.3d 1014, 1028 (11th Cir. 2001). Causation can be established by the defendant's personal participation in the constitutional violation. <u>Goebert</u>, 510 F.3d at 1327. Plaintiff alleges that Dr. Cowens and Ms. Bodi personally participated in denying or providing Decedent inadequate treatment. But for Dr. Cowens and Ms. Bodi's failure to treat Decedent's asthma, Decedent's condition would not have deteriorated. By alleging facts that show Dr. Cowens and Ms. Bodi's personal involvement, Plaintiff pleads sufficient causation in this case.

### B. Clearly Established Law

After a plaintiff alleges a constitutional violation, the plaintiff must show that the rights violated were clearly established at the time the violation occurred. In the Eleventh Circuit, clearly established rights are those set by precedent of the United States Supreme Court, the Eleventh

Circuit, or the law of the highest court of the state where the violation took place. Snider v. Jefferson State Cmty. Coll., 344 F.3d 1325, 1328 (11th Cir. 2003). The case does not need to be factually identical before the right is clearly established. Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1185 (11th Cir. 2009). Instead, the defendant only needs fair notice that his conduct violated the plaintiff's constitutional rights. Id.

Plaintiff has alleged facts establishing that Dr. Cowens and Ms. Bodi had fair notice that their actions violated Decedent's constitutional rights. The law is clearly established that "knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." Adams, 61 F.3d at 1543-44. Furthermore, "[a] core principle of Eighth Amendment jurisprudence . . . is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott, 182 F.3d at 1257. Accordingly, Dr. Cowens and Ms. Bodi's entitlement to qualified immunity depends on whether they knowingly provided Decedent with inadequate care. Because Plaintiff has alleged such

13

knowledge, dismissal based on qualified immunity is not appropriate at this stage.

## IV. CONCLUSION

Plaintiff has alleged facts showing that Defendants Cowens and Bodi intentionally refused to provide medical treatment that they knew was necessary, which violated Decedent's clearly established rights. On the other hand, because Plaintiff failed to allege that Defendant Smith understood and appreciated that a more appropriate treatment should have been pursued for Decedent, Plaintiff's claims against Defendant Smith do not rise to the level of a constitutional violation.

Upon due consideration, Defendants' Motion to Dismiss (doc. no. 17) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims against Defendant Smith are **DISMISSED**. The parties are directed to confer as required by Local Rule 26.1 within fourteen days hereof, and they shall submit a joint Rule 26(f) Report within twenty-one days hereof.

**ORDER ENTERED** at Augusta, Georgia, this 18th, day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE